COMFORT *v.* WINTERS *et al.*

[66 South. 532.]

TRUST. *Resulting trust. Creation.*

> Where plaintiffs, who had given a deed of trust upon their land, which was about to be foreclosed, approached defendant, who agreed to advance the money necessary to save the land, and who accordingly purchased the land at the foreclosure sale, and took the deed to himself and paid the amount of the indebtedness, in such case, while defendant acquired the legal title to the land he held it subject to a resulting trust.

APPEAL from the chancery court of Attala county.

HON. JNO. F. McCOOL, Chancellor.

Bill by Green Winters and others against Claud W. Comfort. From a decree overruling a demurrer to the bill, defendant appeals.

This is an appeal from a decree of the chancery court overruling a demurrer to the bill of complaint filed by the appelees, who were complainants in the court below.

Omitting the formal part, the bill is as follows:

"Your complainants, Green Winters, Jesse Winters, and Amanda Pressley, each a resident citizen of Attala county, above the age of twenty-one years, brings this their bill of complaint against Claude W. Comfort, an adult resident citizen of Attala county and state of Mississippi, and respectfully shows unto this court the following state of facts upon which the relief herein prayed for is sought: That on or about the —— day of ——, 1903, one Pierce Winters, the father of your complain-

ants, departed this life, intestate. That at the time of
his death he was seised and possessed in fee simple of
the following described lands, to-wit: The east half of
the southeast quarter, and twenty-seven acres on the east
side of west half of southeast quarter, all in section 34,
township 15, range 7 east, in Attala county, state of Mis-
sissippi, and containing in all one hundred and six acres
more or less. That at the time of his death intestate he
left surviving him as his sole and only heirs at law, his
wife, Harriet Winters, who survived him only a few
weeks, and who likewise died intestate, also two daugh-
ters, Willie Winters and Katie Winters, each of whom
died intestate unmarried and without issue in the year of
1907, also your complainants herein, Green Winters,
Jesse Winters, and Amanda Pressley, also Matilda Win-
ters, Amos Winters, and Bettie Winters, each of whom
are now resident citizens of Attala county and state of
Mississippi, also Benton Winters, who died in the year
of 1910, and who likewise inherited an undivided interest
in the estate of his deceased father, which said interest at
his death was incumbered by a certain deed of trust ex-
ecuted by the said Benton Winters, in favor of J. W. Rim-
mer, and in which A. P. Dodd was named as substituted
trustee, which said interest was sold at public auction,
by the said substituted trustee, A. P. Dodd, upon default
having been made in the payment of the money secured
by said deed of trust, and at said sale J. W. Rimmer be-
came the purchaser, a deed to which said undivided inter-
est of Benton Winters was executed by A. P. Dodd, sub-
stituted trustee, to J. W. Rimmer, on the 6th day of No-
vember, 1911, conveying in said trustee's deed an undi-
vided one-ninth interest in the said above-mentioned
lands. That on the 19th day of February, 1912, the said
J. W. Rimmer by deed conveyed to Amos Winters the in-
terest acquired by the said J. W. Rimmer by his pur-
chase at the said trustee's sale, which said deed, is duly
recorded and appears of record in Deed Book No. 25 on

page 335 of the records of deeds in the office of the chancery clerk of Attala county and state, of Mississippi. That the shares and interests of the said Willie Winters and Katie Winters, each of whom died unmarried, intestate, and without issue, descended share and share alike to your complainants Green Winters, Jesse Winters, Amanda Pressley, and Benton Winters, who was at the time of their death living, also, Matilda Winters, Amos Winters, and Bettie Winters. That your said complainants, along with Matilda Winters, Bettie Winters, and Amos Winters, continued to reside on said lands from the death of their said father, Pierce Winters, intestate, in the year of 1903, up until the 1st day of January, 1913. That your said complainants Green Winters and Jesse Winters are at the date of the filing of this bill of complaint still residing upon said land.

"Your complainant Green Winters would most respectfully show unto your honor that he and his wife on the 6th day of January, 1912 executed a certain deed of trust to Claude W. Comfort, the defendant named herein, in the sum of fifty-eight dollars, and fifty-five cents, which said deed of trust is duly recorded in Land Deed Book No. 27 on page 368 of the record of land deeds of Attala county, Mississippi, in the office of the chancery clerk of said county and state, transferring therein to the trustee named in said deed of trust the share and interest of your said complainant, Green Winters, in the estate of the said deceased intestate, Pierce Winters, to secure the payment of the sum of money named in said deed of trust, and which said deed of trust is hereby referred to and leave asked to read the same upon the final hearing hereof.

"Your complainants would further show unto your honor that on the 25th day of May, A. D. 1912, Matilda Winters, suing in her own proper person and as guardian for Amos Winters and as the next friend of Bettie

Winters, both of whom are minors, filed a bill of complaint in this honorable court against your said complainants herein, praying in said bill for partition of abovementioned lands or for a sale thereof and a division of the proceeds arising out of said sale among those entitled thereto according to their respective interests therein; that said bill for partition sale of said lands and division of proceeds was filed by the clerk of this honorable court on the 25th day of May, A. D. 1912, and appears as a part of the records of this court, being recorded in Final Record Book G on pages 548, 549, 550, and which is hereby referred to and leave asked to read the same in connection herewith upon the final hearing hereof.

"Your complainants would further show unto your honor that on the 6th day of August, A. D. 1912, at and during a regular term of this honorable court, said cause having come on to be heard, a decree *pro confesso* was taken and entered against your defendants in said cause, and which said decree was entered in Minute Book M on page 454, and recorded in Final Record Book G on page 550, and which said decree *pro confesso* is hereby referred to and leave asked to read the same in connection herewith upon the final hearing hereof.

"Your complainants would further show unto your honor that on the 6th day of August, A. D. 1912, this honorable court in open session and at and during 'a regular term thereof, upon the further hearing of said bill for partition, sale, and division of proceeds above referred to, ordered and decreed a sale of said lands by a commisioner of this court and a division of the proceeds among those entitled thereto according to the amounts each of the parties were entitled to as shown by said bill of complaint and said decree of this court, which said sale by said commissioner was to be referred back to this honorable court for confirmation, and which said decree was entered in Minute Book M on pages 455 and 456, and appears as a part of the records of this.

court, being recorded in Final Record Book G on pages 551 and 552 and which said decree is hereby referred to and leave asked to read the same in connection herewith upon the final hearing hereof.

"Your complainant would further show unto your honor that the said commissioner, in accordance with the terms of the decree ordering the sale of said lands, advertised the same according to law, and upon a day and date fixed by the decree of this court and by law proceeded to sell the same as directed, and thereupon the same was bid in by C. W. Comfort, the defendant named in this bill of complaint, and a deed to the same was made to the said C. W. Comfort by J. H. Oliver, the clerk of this court, who was duly appointed as commissioner to make said sale, and to execute a deed to said lands, which said acts were performed by the said commissioner as is shown by a report of said commissioner made to this court and filed on the 2d day of December, A. D. 1912, and which appears of record in the chancery clerk's office in Attala county, Mississippi, and being recorded in Final Record Book G on pages 552 and 553, and which is hereby referred to and leave asked to read same in connection herewith upon the final hearing hereof.

"Your complainants would further show unto your honor that on the 7th day of December, A. D. 1912, the said cause wherein Matilda Winters *et al.* were named as complainants, in case styled No. 2953, having come on for final hearing before this honorable court, this court rendered and entered a final decree, confirming the sale of said lands by said commissioner, and ordering and directing said commissioner to make, execute, and deliver to the said C. W. Comfort a deed to said lands, which said final decree was entered in Minute Book M on pages 214 and 217, and appears as a part of the records of this court, being recorded in Final Record Book G on pages 553 and 554, and which said decree confirming sale is hereby referred to and leave asked to read the same in connection herewith and upon final hearing hereof.

"Your complainants would further show unto your honor that on the —— day of ——, J. H. Oliver, the clerk of this honorable court and the commissioner duly appointed by this court as aforesaid to make the sale of said lands, in accordance with the terms of a decree made and rendered by this court, executed and delivered to the said C. W. Comfort a deed to said lands; the said Comfort thereupon paying to the said commissioner the sum said lands brought at the said commissioner's sale, whereupon the said Comfort filed the said deed for record, which said deed appears now of record, being recorded in Deed Book No. 30 on page 53, and which said deed is hereby referred to and leave asked to read the same upon the final hearing hereof.

"Your complainants would further show unto your honor that they are negroes of very little education and of slender means; that they have resided upon said lands, the homestead of their deceased father and mother, since their death; that they have cultivated the same in common with Matilda Winters, and Amos and Bettie Winters; that they did not desire to see or to have the homestead sold or partitioned, but it was their wish that each of the said heirs of deceased intestate, Pierce Winters, should continue to reside upon said lands; that Matilda Winters over their protest and against their wishes filed a bill for the partition of sale of said land, as is mentioned hereinbefore; that your complainants thereupon sought the advice of counsel, who informed them that they could not prevent the land being partitioned or sold for partition and further advised them to buy it in.

"Your complainants would further show unto your honor that they had not the means with which to purchase said lands at the commissioner's sale, and that they thereupon applied to Claude W. Comfort to loan them the amount of money necessary to buy the land in when sold at the commissioner's sale as was directed by this

court; that the said Claude W. Comfort, upon their making an application to him for the desired loan, agreed to loan, and in fact did loan, to your said complainants such amount as would be necessary to bid the land in and agreed to attend the sale and bid the land in for your complainants; that your complainants agreed that the said land should be bid in by the said Claude W. Comfort and that the said Comfort should take the title to said lands in himself and retain the same as security for the money necessary to buy the said lands in, which said money was so advanced by him; that your complainants agreed to repay the loan so made by the said Comfort, with interest thereon at the rate of ten per centum per annum from the date of the sale, until said loan and interest was repaid in full; and that then and thereupon the said Claude W. Comfort was to execute and to deliver unto them a deed to said lands.

"Your complainant Green Winters would most respectfully show unto your honor that the said Claude W. Comfort, as hereinbefore set forth, held a deed of trust over his, the said Green Winter's interest in the said lands, and that there was then due on the said deed of trust about the sum of $——; that your said complainant, personally and alone, went to said Claude Comfort, and in order to protect his, the said Green Winters' interest in said lands, made application to the said C. W. Comfort for a loan sufficient to buy in the said land, the title to which the said Comfort was to take and to hold until the loan was repaid in full, with interest at the rate of ten per centum per annum; that the said Comfort agreed to make the loan and to advance the money necessary to buy in said lands and that he, the said C. W. Comfort, would appear and bid in said lands and take the title to himself as security for the money so advanced and the interest thereon and to hold the title to said land until such time as the loan and advancement of money with all interest thereon at ten per cent. should be repaid to him by

your complainant Green Winters, and your other complainants Jesse Winters and Amanda Pressley; that the said C. W. Comfort was upon the repayment of said loan with interest, to convey said lands to your complainants.

"Your complainants would further show unto your honor that each of them were entitled to an undivided one-seventh interest in and to said lands; that their share or interests were to stand as security; and that the amount of money to be actually advanced as was agreed upon with Claude W. Comfort was only four-sevenths of the amount that the land should sell for when disposed of at public auction by the commissioner.

"Your complainants would further show unto your honor that they have known Mr. Claude W. Comfort all of his and their lives; that they have had considerable business with him, and they reposed great confidence and trust in him; that they relied upon his good intentions and his good faith in performing faithfully and exactly the trust reposed in him by your said complainants.

"Your complainants would further show unto your honor that in pursuance of the understanding C. W. Comfort appeared at the sale and bid the land in; that no one, with the one exception of Hon. Herbert Leonard, who appeared as attorney for Matilda Winters, bid on the land; that it was known and well understood that C. W. Comfort was to buy the land in for your complainants, the heirs of Pierce Winters; that that fact kept other and better bidders from appearing upon the scene of the sale and from bidding on the land; that the land brought at said commissioner's sale the sum of $525; that a deed to the same was executed as stated hereinbefore by the commissioner of this court to C. W. Comfort; that the said C. W. Comfort then paid into the court the sum bid by him, which said sum your complainants aver was advanced to them at the sale in pursuance of the agreement had by your complainants with the said C. W. Comfort, prior to and preceding the said commissioner's sale.

"Your complainants would further show unto your honor that the title to said land, which is now in the said C. W. Comfort, was to be held by him as security for the money advanced by him when he appeared and bid the said lands in; that the said C. W. Comfort was to hold and retain the same until the money necessary to buy in the interests of Matilda, Bettie, and Amos Winters, with interest thereon at the rate of 10 per cent., should be repaid him, at which time the said C. W. Comfort agreed to execute and deliver unto your complainants a deed in fee simple to said lands.

"Your complainants would show unto your honor that they have been informed by the said Claude W. Comfort that he will not execute and deliver to your said complainants a deed to said lands upon the repayment of the money advanced by him for your complainants; that the said C. W. Comfort denies now, so your complainants are informed that such they believe the truth to be, that he holds the title to said lands as security for the money advanced by him and says that he made the purchase on his own motion and for his own benefit.

"Your complainants would further show to this court that the said lands are worth much in excess of the sum bid and paid in by C. W. Comfort; that the said lands are worth at the very lowest estimate the sum of one thousand two hundred dollars. Your complainants would show unto your honor that they, relying solely and absolutely upon the faithful performance of that trust agreed to be undertaken by Mr. C. W. Comfort, neglected and failed to make any further efforts to save their right; that they relied fully on the honesty and integrity of C. W. Comfort; and that they now stand ready and willing and hereby tender into this court any and all money, with interest thereon at ten per cent., that may be due C. W. Comfort by virtue of the money advanced in your complainants' behalf.

"Your complainants charge, and such they aver the truth to be, that Claude W. Comfort, in accordance with and pursuant to the agreement had and entered into with your complainants, respecting the loan and advancement of the money necessary to buy in the interest of said Matilda Winters, Amos Winters, and Bettie Winters, took at said commissioner's sale the legal title to the said above-mentioned lands for the sole and only purpose of holding and retaining the same as security for the sums of money so advanced; that the said C. W. Comfort in truth and in fact did so retain the title to said land, as security; that the said C. W. Comfort holds said title to said lands as the trustee of your said complainants.

"Your complainants charge, and such they aver the truth to be, that the said Claude W. Comfort, defendant herein, with the intention and for the purpose of defrauding your complainants of their rights in and to said lands, and to reap a benefit to himself, and for the purpose of taking an unjust and undue advantage of your complainants, and to deprive them of their just and equitable rights and interests in and to said lands, refuses to convey to your said complainants the legal title to said lands upon the payment and tender to him of the sums of money so advanced to your said complainants by the said C. W. Comfort with interest thereon at the rate of ten per centum per annum; that your complainants have so tendered said sums of money to the said C. W. Comfort and have requested the said C. W. Comfort to make, execute, and deliver to them a deed to said lands, which the said C. W. Comfort refuses and now refuses to do, to the great wrong and injury of your complainants.

"Your complainants charge, and such they aver the truth to be, that C. W. Comfort, defendant herein was to advance, for the purpose of purchasing the land at the said commissioner's sale, only four-sevenths of the money which the said land should bring at the said sale; in other words, only such money as would be necessary to pay

340 Comfort v. Winters. [Sup. Ct.

Statement of the case. [108 Miss.

for the shares and interests of Matilda Winters, Amos
Winters, and Bettie Winters; and that the money repre-
senting the shares and interests of your complainants in
this cause should not be advanced and paid in by the
said C. W. Comfort, to the said commissioner for the
purpose of distribution to your said complainants, but
that upon the affirmation of the sale by this honorable
court the said sum of money representing the shares and
interests of your complainants as set forth in the decree
of this honorable court should be returned to the said C.
W. Comfort; and that the said C. W. Comfort was to
take, hold, and retain the legal title to said land in him-
self for the purpose of securing the repayment to him by
your complainants of the money advanced and used in
purchasing the shares and interests of the said Matilda,
Amos, and Bettie Winters; that the said three-sevenths
interests representing the shares of your said complain-
ants in said intestate Pierce Winters' estate, in truth and
in fact represented and should be considered as a pay-
ment by your complainants of that sum of money to-
wards the purchase of said lands at said commissioner's
sale.

"Your complainants charge, and such they aver the
truth to be, that the said C. W. Comfort, defendant here-
in, with the intention to defraud your complainants out
of their rights in and to said lands and to take and hold
the legal title to the same in himself and for his own ben-
efit and use in violation of the trust so reposed in him by
your complainants, to your complainants great wrong
and injury, did, upon the affirmation of the sale of said
lands by your honor, notify your complainants that their
money was in the hands of the commissioner of this court
and that they could go and get it, and that he would get
it from him if they wanted it; that he was not going to
make them a deed to said land on the repayment to him
of the said money so advanced as hereinbefore set forth;

that he could not afford to do it, as he did not care about swapping dollars.

"Your complainants would further show unto your honor that the sum of money representing their shares and interests in and to said lands, as set forth by the order and decree of this court confirming the sale of said lands, is now, and has been at all times since the said sale and the confirmation thereof by your honor, in the hands of the commissioner of this court; that your complainants have not at any time made any claim to the same; that they have offered and do hereby offer to pay into this court for the use of C. W. Comfort any and all such money as may be due him by virtue of the transaction as set forth in this bill, upon being apprised by this court, or by the defendant C. W. Comfort, of the exact amount, of which they are ignorant, that may be due him, including all interest, etc.

"Wherefore, the premises considered, your complainants now pray that the process of this court be caused to be issued commanding the said C. W. Comfort to appear before this honorable court on the first Monday of February, A. D. 1913, at the next regular term, thereof, to plead, answer, or demur to the allegations of this bill, and in default thereof that the allegations of this their bill of complaint be taken as true and confessed.

"Your complainants further pray your honer that on the complete and final hearing hereof the said C. W. Comfort be declared a trustee of the legal title to said lands above described, and that he be declared by your honor to hold the same in trust for your complainants.

"Your complainants further pray your honor that a commissioner be appointed by this court for the purpose of ascertaining and stating an account between your complainants and the said defendant C. W. Comfort; that said commissioner be directed to ascertain and state to your honor and to your complainants the exact amount of money advanced by the said C. W. Comfort in the be-

half of your complainants with all interest thereon then due; and that said sum be declared by your honor to be a charge on said lands in the favor of the said C. W. Comfort; and that the said C. W. Comfort be declared by this court a trustee of the legal title to said lands and that he holds the same for the purpose of securing the payment of said money.

"Your complainants further pray your honor that this court order and decree that the said C. W. Comfort make, execute, and deliver to your complainants, upon the payment to him or the payment into this court by your complainants of the amount that the commissioner may ascertain and state to be due the said C. W. Comfort, a deed to said lands, and if your complainants are mistaken in this, the relief herein prayed for, they pray your honor that they be granted upon the complete and final hearing hereof any such further or more general relief as is consistent with equity and which to your honor may seem both meet and proper, as in duty bound they shall ever pray."

A demurrer was interposed by defendant, which—leaving out the formal parts— is as follows:

"And now comes C. W. Comfort, the defendant in the above-styled cause and presents this his demurrer to the bill of complaint exhibited against him, and assigns as reasons, as follows, to wit: (1) That there is no equity on the face of said bill. (2) That said bill is vague, indefinite, and uncertain, and is couched in terms that tend to mislead and deceive the pleader. (3) That said bill does not charge that the alleged contract or agreement upon which this suit is based was or is in writing, and therefore at variance and in conflict with the statute which requires contracts for the sale of lands to be in writing. (4) That in order for said alleged contract or agreement, which is made the basis of this suit, to be valid and binding, it must be in writing so as to conform to the statute of frauds, which prohibits the sale of lands,

unless said contract or agreement is in writing. Wherefore said defendant prays that said demurrer be sustained, and he be not further required to answer said bill of complaint, and the said bill be dismissed and complainants taxed with all costs.''

*Anderson & Davis* and *H. T. Leonard,* for appellant.

This case is based upon an alleged parol contract or agreement charged to have been entered into during the latter part of the year 1912, between Green Winters, Jessie Winters and Amanda Pressley, complainants in the lower court with C. W. Comfort the defendant, wherein the said C. W. Comfort was to buy in the lands mentioned in said bill at the commissioner's sale by J. H. Oliver, clerk and commissioner, on the 2nd day of December, 1912, whereby it is charged he was to take the legal title to said lands in himself and hold it in trust for the use and benefit of complainants until they had repaid him the amount of his purchase money together with ten per centum interest on the same, when said C. W. Comfort was to make a deed to complainants conveying the title to said lands to them, only holding the legal title in the meantime as security for the money charged to have been advanced and paid for said lands at said sale.

The contention of appellant herein is that any such contract or agreement, if so made as charged, was void and in violation of section 4775 of the Code of Mississippi, 1906, which prohibits persons from making any parol contract for the sale of lands, and he hereby invokes the statute of frauds as a full, perfect and complete defense to said action.

Our court has so emphatically condemned actions of this sort that we do not desire to extend this brief further than the citation of a.few decisions, which show the unanimity of opinion existing from the time of their earliest decisions down to the present time, which are unbroken, and positive in their language. *Miazza* v. *Yerger,*

53 Miss. 135; 1 Perry on Trusts (2d Ed.), sec. 134; *Robinson* v. *Leflore,* 59 Miss. 148; *Campbell* v. *Bright,* 40 So. 3; *Clearman* v. *Cotton,* 6 So. 156; *House* v. *Gumble,* 78 Miss. 529, 29 So. 71.

We most earnestly insist that the allegations of said bill are founded on an alleged parol contract to convey, that the same is void, and in violation of the statute, and an abortive effort to contravene the statute of frauds prohibiting the same.

We respectfully ask for a reversal of the decree of the chancery court overruling said demurrer, and that said bill be dismissed.

*Crawley & Glass,* for appellee.

Counsel for the defendant in their assignment of errors contend that the "the court erred in its action in overruling the demurrer of the defendant to the bill of complainants, wherein said defendant in said demurrer set up the statute of frauds, in section 4774 of the Code of Mississippi, 1906, as a defense to the said bill of complainants, wherein they pray for a specific performance in the conveyance of certain lands mentioned in said bill based upon an alleged parol contract or agreement for the sale of said lands, which said alleged parol contract or agreement is in contravention of the statute of frauds as aforesaid prohibiting the sale of lands, unless the contract for the sale of the same is in writing as is required by law."

We think that the allegations of the complainant's bill clearly establish a resulting trust. Counsel are clearly in error in their contention that it is an attempt to enforce a parol contract or agreement for the sale of lands. The case at bar falls squarely within the principle announced in the *Robinson* v. *Leflore case,* reported in 59 Miss. 148.

In the case of *Thomas* v. *Thomas,* reported in 62 Miss. on page 531, where a bill of complaint was filed in the

chancery court said: "To the existence of a resulting trust, it is necessary that in the transaction of purchase, the money or credit of the beneficiary should be used; but a constructive payment by him is equally efficacious as one made by him in person. Thus, if the person who actually makes the payment of the money does so under an agreement to lend the amount to the other, and pays it as the money of the other, taking title in himself as security for the money loaned, a trust arises in favor of the borrower."

The allegations in the bill of complainants are similar to the illustrations given by the supreme court in the case of *Thomas* v. *Thomas, supra.* The statute of frauds has reference alone to the sale of lands and does not embrace cases of confidence and trust like the one now before you. See, *Jones* v. *McDougal,* 32 Miss. 179.

We contend that the allegations in the bill of complainants are clearly sufficient to establish a resulting trust in their favor. In the light of the decisions of the supreme court cited above, the chancellor could not have done otherwise than overrule the demurrer of defendant. This question had been settled in this state beyond cavil or controversy by a recent decision of the supreme court. In passing on the case of *Wilson* v. *Hoffman,* reported in the 61 Southern Reporter, p. 699, in which a state of facts similar to the present one was presented, the supreme court, speaking through Judge COOK, said: "It is alleged that Sandy Wilson, appellant, agreed to loan the money to appellees for the purpose of redeeming their land from the lien of the trust deed, and in pursuance of this agreement it was further agreed that Wilson would purchase the land at the sale, and take a deed in his own name as security for the payment of the money so advanced by him. All of which it is alleged was done. We can see no substantial difference in this case and the case of *Robinson* v. *Leflore, supra,* and the action of the chancellor in overruling the demurrer is affirmed."

We rely with confidence upon our proposition that the allegations in the bill of complainants clearly establish a resulting trust in their favor and that the uniform decisions of the supreme court clearly show that the action of the chancellor in overruling the defendant's demurrer was correct and that his action should be upheld on this appeal.

COOK, J., delivered the opinion of the court.

The allegations of the bill of complaint make a case strikingly similar to that of *Wilson* v. *Hoffman,* 61 So. 699, recently decided by this court.

The chancellor evidently followed the case mentioned, when he overruled the demurrer, and the decree is threfore affirmed, and the cause remanded, with leave to appellant to answer the bill of complaint within thirty days after the filing of the mandate in the court below.

*Affirmed and remanded.*